| | |
|---|---|
| 1<br>2<br>3<br>4 | Louis G. Parker, Esq.<br>DAVIS MILES P.L.L.C.<br>P.O. Box 15070<br>Mesa, AZ 85211<br>State Bar Number: 022636<br>Telephone: (480) 733-6800  Fax: (480) 733-3748 |

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>ESTHER MARTINEZ,<br><br>Debtor. | IN PROCEEDINGS UNDER CHAPTER 7<br><br>Case Number: 2:09-bk-21579-RTB |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS AS NOMINEE FOR WELLS FARGO – ACQUISITION,<br><br>Movant,<br><br>v.<br><br>ESTHER P. MARTINEZ, Debtor, and<br>S. WILLIAM MANERA, Trustee,<br><br>Respondents. | OBJECTION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND REQUEST FOR HEARING<br><br>*Real Property located at:*<br>*10209 N. 95th Drive, Unit B*<br>*Peoria, AZ 85345* |

Respondent/Debtor, Esther P. Martinez ("Debtor"), by and through the undersigned attorney, hereby responds to the Motion for Relief from the Automatic Bankruptcy Stay (hereafter "Motion") filed by Mortgage Electronic Registration Systems as nominee for Wells Fargo - Acquisition ("Movant"), and in opposition to same would respectfully show the Court the following:

      Debtor's response urging the denial of Movant's Motion is supported by the Memorandum of Points and Authorities set forth below.

///

# MEMORANDUM OF POINTS AND AUTHORITIES

The Court should continue the Automatic Stay protection, as the Debtor has made all payments claimed delinquent by Movant.

The property at issue ("Property") is property in which the Debtor acquired rights, pre-petition, by virtue of the Note and Deed of Trust attached to Movant's Motion (hereafter "Contract"). This Property constitutes the homestead real property of the Debtor. Debtor has significant equity in the Property at issue.

Movant claims that the Debtor is currently in default under the terms of the contract and three monthly payments (September, October, and November) are past due. **This is factually inaccurate**. At the time of the filing of this Motion (November 3, 2009), Debtor had already timely paid, and Movant had already accepted, two of the three payments Movant now claims are due and owing. Copies of the September and October payments, along with receipts of acceptance, are attached hereto as Exhibit A.

As for the third payment, at the time of filing Movant's motion, the payment was due, but not yet late, per the terms of the contract. Movant's contract affords the Debtor a fifteen day "grace period" to make monthly payments before such payment is considered past due. Debtor submitted the November payment on November 14th, and Movant accepted such payment. A copy of the receipt of this transaction is attached hereto as Exhibit B.

Debtor has fully complied with the terms of the contract and has demonstrated her ongoing commitment and ability to timely make all further monthly payments as they become due.

Debtor asserts that the following relief is appropriate:

1) The Automatic Stay should remain in force and effect regarding the indebtedness at issue and the subject Property;
2) Debtor should be awarded reasonable and necessary attorney fees and costs of litigation based upon the Movant's failure to appropriately process Debtor' payments when they were properly and timely submitted.

///
///

WHEREFORE, the Debtor pray that the Court deny Movant's Motion, and that the Court order that the Automatic Stay remain in full force and effect as to Movant and the Subject Property, and that the Debtor be afforded the relief sought herein and such further relief as is just under the circumstances.

RESPECTFULLY SUBMITTED this 19th day of November, 2009,

DAVIS MILES, P.L.L.C.
/s/LGP022636
Louis G. Parker
Attorney for Debtor

COPIES of the foregoing mailed
on November 19, 2009 to:

Mark S. Bosco
Leonard J. McDonald
Tiffany & Bosco, P.A.
2525 E. Camelback Road Suite 300
Phoenix, AZ 85016
Attorneys for Movant

S. William Manera
Chapter 7 Trustee
P.O. Box 44350
Phoenix, AZ 85064

/Kelli Adams